[No. 11271. In Bank. — March 30, 1886.]

THE PEOPLE, ETC., EX REL. S. C. HASTINGS, RESPONDENT, v. PERRIE KEWEN, APPELLANT.

HASTINGS COLLEGE OF LAW — AFFILIATION WITH UNIVERSITY OF CALIFORNIA — LEGISLATURE CANNOT CHANGE FORM OF GOVERNMENT. — After the affiliation of the Hastings College of the Law with the University of California, the legislature had no power, under section 9 of article 9 of the constitution, to change the form of government of the college; consequently, the acts of March 3, 1883, and of March 18, 1885, assuming to transfer the control of the college from the directors named in the act of March 26, 1878, creating it, are unconstitutional.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to remove the defendant from the office of registrar of the Hastings College of the Law, to which position he had been elected on the 25th of April, 1885, by the directors of the college named in the act of March 26, 1878, creating it. Section 11 of that act conferred authority upon the directors to appoint a registrar. The further facts are stated in the opinion of Mr. Justice Myrick.

*J. P. Hoge, S. M. Wilson, Oliver P. Evans, T. B. Bishop, Thomas I. Bergin,* and *Ralph C. Harrison,* for Appellant.

The acts of March 3, 1883, and March 18, 1885, are in conflict with article 9, section 9, of the constitution.

*Attorney-General Marshall, L. D. Latimer,* and *R. B. Wallace,* for Respondent.

The legislature had power to substitute trustees for the law college in place of those appointed by the act of March 26, 1878. (*Head* v. *University,* 19 Wall. 526.)

MYRICK, J. — The organic act of the University of California (Stats. 1867–68, p. 248, sec. 1) made provision that professional and other colleges might be added to and connected with the university. The act of March 26, 1878 (Stats. 1877–78, p. 533), creating Hastings College of the Law, made provision for its affiliation with the university. The petition in this case is based on the fact of such affiliation, and it was held by this court in *Foltz* v. *Hoge*, 54 Cal. 28 (decided in 1879), that the law college had affiliated with the university, and had become an integral part thereof, subject to the same general provisions of the law as were applicable to the university. The constitution of 1879 (art. 9, sec. 9) declared that the university should be continued in the form and character prescribed in the acts then in force, subject to legislative control for certain specified purposes only. Such being the case, it was not competent for the legislature, by the act of March 3, 1883, or that of March 18, 1885, or by any other act, to change the form of the government of the university, or of any college thereof then existing.

The act of 1878 provided for a board of directors, to consist of eight persons, naming the first and providing for the selection of successors; the act of 1883 assumed to transfer the control of the college to the regents of the university, and the act of 1885 assumed to make another transfer by creating a board of trustees for the college, to consist of three, naming them, and providing for the appointment of successors. It was intended by the constitution to prohibit such changes as to the university; and if the college is a portion of the university, such prohibition would extend to it.

The selection of the respondent as registrar by the board of directors existing under the act of March 26, 1878, was therefore a legal selection, and he is rightfully in office until removed by that board.

Judgment reversed and cause remanded, with directions to sustain the demurrer.

THORNTON, J., and McKEE, J., concurred.

McKINSTRY, J., concurring.— I concur. Taking it for granted (as is assumed by the respondent) that prior to the adoption of the present constitution of the state the Hastings Law College had "affiliated" with the university, I agree that the attempted changes in its organization, by statutes passed after the constitution was adopted, were attempted changes in the "form and character" of the university prohibited by article 9, section 9. In saying this I neither take judicial notice of an affiliation, nor hold that the fact is, for all purposes, determined by *Foltz* v. *Hoge,* 54 Cal. 28; but rest my concurrence upon the failure of the complaint to aver that such affiliation had not taken place, and upon averments in the complaint which assume it, as well as on the express claim of 'counsel for respondent in their points and authorities.